IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| SCHLONDA DONALD | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:16cv403-HSO-JCG |
| | § | |
| | § | |
| NATIONAL TRUCK FUNDING, LLC | § | DEFENDANTS |

<u>MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION [2] TO COMPEL ARBITRATION OR, ALTERNATIVELY,
RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>

BEFORE THE COURT is the Motion [2] to Compel Arbitration or, Alternatively, Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted filed by Defendant National Truck Funding, LLC. This Motion is fully briefed.   Having considered the Motion [2], related pleadings, the record, and relevant legal authority, the Court is of the opinion that Defendant's Motion [2] should be granted to the extent it seeks to compel arbitration, and the parties will be ordered to submit the disputed matter to arbitration.   This case will be dismissed.

## I.   <u>BACKGROUND</u>

A.   <u>Factual background</u>

This dispute arises out of Plaintiff Schlonda Donald's ("Plaintiff" or "Donald") rental of certain trucks from Defendant National Truck Funding, LLC ("Defendant" or "National Truck").   Donald "signed four separate rental agreements to purchase

1

four different models of freightliners with National Truck Funding:   June 30, 2014;

August 8, 2014; and August 12, 2014."   Pl.'s Aff. [6-1] at 1; *see also* Rental

Agreements [1-2] at 16-41.   "In addition to the written Commercial Truck Rental

Agreements, Donald also purchased contract upgrades to hold National Truck liable

for a percentage or the entirety for all covered repairs needed within a designated

time period."   Compl. [1-2] at 11.[1]

The four Commercial Truck Rental Agreements between Plaintiff and

National Truck were each six pages long, and each Agreement contained the

following provisions on the sixth and final page:

### XII.   JURISDICTION AND RESOLUTION OF DISPUTES

Jurisdiction and Governing Law:   Any legal dispute arising for
whatever reason as a result of this Rental Agreement will be resolved in
the Courts of Harrison County, Mississippi, if not arbitrated as
mandated below and will be governed by the laws and legal rules of the
courts of the State of Mississippi.   It is agreed that it shall be a bench
trial without a jury . . . .

Arbitration:   This will apply to any claim, dispute, or controversy
(whether based upon contract or tort; intentional or otherwise; arising
out of state or federal constitution, statute, common law, or equity, and
whether preexisting, present or future), including initial claims,
counter-claims, cross-claims, and third party claims, arising from or
relating to this Rental Agreement or the relationships which result from
this Rental Agreement, including the validity or enforceability of this
arbitration clause, any part thereof or the entire Rental Agreement.
All claims shall be resolved by binding arbitration pursuant to this
arbitration provision and the applicable rates and procedures of the
arbitration administration selected at the time the claim is filed.   The
party initiating the arbitration shall have the right to select one of the
following two arbitration administrators:   The National Arbitration
Forum ("NAF") or The American Arbitration Association ("AAA").   The
arbitrator shall be a lawyer with more than ten years of experience or a

---

[1] It does not appear that these "contract upgrades" are contained anywhere in the record.

2

retired or former judge.   We agree not to invoke our right to arbitrate an individual claim you may bring in small claims court in Harrison County, MS, so long as the claim is pending only in that court.   Our address for service of process under this provision is:   National Truck Funding, LLC, 9140 Canal Rd., Gulfport, MS 39503.   Any arbitration hearing shall take place in the city of Gulfport, Mississippi.   National Truck Funding, LLC and the Customer shall each pay an equal amount of any arbitration fees and related charges.   Each party, however, shall be responsible for payment of their own respective legal counsel.

This arbitration provision shall survive termination of your account as well as the repayment of all amounts due and owing on your account, or your deposits.   If any portion of this arbitration provision is deemed invalid or unenforceable under any state or federal law or statute, it shall not invalidate the remaining portions of this arbitration provision or the unaffected portions of the overall Rental Agreement . . . .

Rental Agreements [1-2] at 21, 28, 35, 41.

The foregoing provisions of each Rental Agreement appear in the same font as the other sections of the respective Rental Agreements.   *See id.*   Donald executed each page of each Rental Agreement, including the last page containing the arbitration provision, which was also signed by a representative of National Truck.   *See id.*   Immediately above Donald's signature on the Rental Agreements as the "Customer" is a provision stating that "[t]he below-signed Customer does acknowledge that he/she has read this Rental Agreement in its entirety and agrees to all terms and conditions herein."   *Id.*

B.    Procedural history

On October 5, 2016, Donald filed a Complaint against National Truck in the County Court of Harrison County, Mississippi, First Judicial District, Compl. [1-2] at 9, alleging that "[s]hortly after taking possession of the trucks, Donald suffered serious mechanical breakdowns, by no fault of Donald's, making the use of the

3

trucks for their intended purposes impossible," *id.* at 12.   According to the Complaint, "[p]er the language of the contracts, Donald's necessary repairs were covered under the additional purchased contract upgrades; however, National Truck failed to properly remedy the problems."   *Id.*   In February 2014, "National Truck repossessed all trucks that were in possession of Donald."   *Id.*   The Complaint asserts claims for breach of contract, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and conversion.   *Id.* at 12-14.

On November 8, 2016, National Truck removed the case to this Court on the basis of diversity jurisdiction.   Notice of Removal [1] at 1-2.   On November 10, 2016, National Truck filed the present Motion [2] to Compel Arbitration or, Alternatively, Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim upon Which Relief Can Be Granted.   National Truck "seeks to compel contractually agreed-to arbitration between the parties," and alternatively asks that Donald's Complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).   Def.'s Mot. [2] at 1-2.

Plaintiff responds that the arbitration agreements are invalid and unenforceable because they are procedurally and substantively unconscionable under Mississippi law.   Pl.'s Mem. [7] at 4-8.   Plaintiff contends that the arbitration provisions are procedurally unconscionable because "[n]ot only did none of the Defendant's employees explain or mention the Arbitration Provision to Mrs. Donald, she also did not even have an opportunity to examine the Arbitration

Provision herself." *Id.* at 5.   Plaintiff maintains that the arbitration agreements

appear on a standard, preprinted form drafted by Defendant which is in the same

style and print as the remainder of the Rental Agreements, which supports a

finding of procedural unconscionability.   *Id.* at 5-6.   Plaintiff argues that Donald

has no legal training or knowledge of arbitration and was unaware of the

constitutional rights that she was waiving.   *Id.* at 5.

Plaintiff next asserts that the arbitration provisions are substantively

unconscionable because the Rental Agreements constitute contracts of adhesion and

because Donald did not knowingly, intelligently, and voluntarily waive her

constitutional right to a jury trial.   *Id.* at 6-8.   According to Plaintiff,

> Defendants have made no showing that Mrs. Donald was fully aware of
> the significance and consequences of the language of the Arbitration
> Provision. Furthermore, the Arbitration Provision was pre-printed on a
> form contract which was a necessary condition of the sale, and there was
> a great disparity in the bargaining power between the parties. Mrs.
> Donald was an individual with little to no resources and the Defendant
> was a corporation with businesses in multiple states.

*Id.* at 8.   Plaintiff further maintains that she "cannot afford to pay the fees

required to arbitrate this dispute that is before this Court and thus her access to

justice would be denied," *id.* at 9, and that "to submit her case to arbitration, she

would have to front at the minimum, roughly $750," *id.* at 8.

## II.   DISCUSSION

### A.   Relevant legal standards

"Congress enacted the FAA [Federal Arbitration Act] to overcome judicial

resistance to arbitration, and to declare a national policy favoring arbitration of

claims that parties contract to settle in that manner." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (quotations omitted). "To that end, § 2 [of the FAA] provides that arbitration agreements in contracts 'involving commerce' are 'valid, irrevocable, and enforceable.'" *Id.* (quoting 9 U.S.C. § 2). "[A]ll doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004).

Courts perform a two-step analysis to determine whether parties should be compelled to arbitrate a dispute. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006). "First, a court must 'determine whether the parties agreed to arbitrate the dispute in question.'" *Id.* (quoting *Webb v. Investacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996)). This first step "consists of two separate determinations: '(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement.'" *Id.* (quoting *Webb*, 89 F.3d at 258). State law contract principles are applied to determine if there is a valid agreement to arbitrate. *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *Washington Mut. Fin. Grp., LLC*, 364 F.3d at 263; *Webb*, 89 F.3d at 257. In this case, Mississippi law is the applicable state law.

The second step involves the determination of "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Tittle*, 463 F.3d at 418 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). If no party argues that external legal constraints have foreclosed arbitration of the claims at issue in the case, the court "need only

conduct the first step of the analysis to resolve the arbitrability question."   *Id.*

B.   There were valid agreements to arbitrate between Donald and National Truck.

Donald argues that the Rental Agreements' arbitration provisions are unconscionable and thus unenforceable.[2]   "Unconscionability has been defined as an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party[.]"   *Louisiana Extended Care Centers, LLC v. Bindon*, 180 So. 3d 791, 795 (Miss. Ct. App. 2015) (quoting *Nw. Fin. Miss., Inc. v. McDonald*, 905 So. 2d 1187, 1193 (Miss. 2005)). "There are two forms of unconscionability: procedural and substantive."   *Id.*; *see also East Ford, Inc. v. Taylor*, 826 So. 2d 709, 714 (Miss. 2002).   Donald asserts that the arbitration provisions in question are both procedurally and substantively unconscionable.

1.   The arbitration agreements are not procedurally unconscionable.

The Mississippi Supreme Court has held that

[p]rocedural  unconscionability  may  be  proved  by  showing  a  lack  of

---

[2]   The Court recognizes that the arbitration provisions in the Rental Agreements state that they apply to any claim, dispute, or controversy "including the validity or enforceability of this arbitration clause, any part thereof or the entire Rental Agreement."   Rental Agreements [1-2] at 21, 28, 35, 41.   This delegation language would seem to suggest that the validity or enforceability of each arbitration provision is a question for the arbitrator. Neither party, however, has made this argument or sufficiently briefed this issue.   Even if this language could be interpreted as permitting the arbitrator to decide the question of validity or enforceability of the arbitration provisions, National Truck has voluntarily submitted this issue to the Court.   *See Jones v. Singing River Health Servs. Found.*, No. 16-60263, 2017 WL 65384, at *2 (5th Cir. Jan. 5, 2017); *see also, e.g.,* Def.'s Rebuttal [8] at 6 (requesting "this Court find the subject Arbitration Provision valid and enforceable"). National Truck has not asked the Court to enforce the delegation provision.   *See Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 71 (2010).   Even if it had so requested, the result here would not change, as the Court would nevertheless compel arbitration.

knowledge, lack of voluntariness, inconspicuous print, the use of complex legalistic language, disparity in sophistication or bargaining power of the parties and/or a lack of opportunity to study the contract and inquire about the contract terms.

*   *   *

The indicators of procedural unconscionability generally fall into two areas: (1) lack of knowledge, and (2) lack of voluntariness. A lack of knowledge is demonstrated by a lack of understanding of the contract terms arising from inconspicuous print or the use of complex, legalistic language, disparity in sophistication of parties, and lack of opportunity to study the contract and inquire about contract terms. A lack of voluntariness is demonstrated in contracts of adhesion when there is a great imbalance in the parties' relative bargaining power, the stronger party's terms are unnegotiable, and the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all.

*East Ford, Inc.*, 826 So. 2d at 714, 715-16 (quotation omitted).

A contract of adhesion is generally defined as "one that is drafted unilaterally by the dominant party and then presented on a 'take-it-or-leave-it' basis to the weaker party who has no real opportunity to bargain about its terms." *Id.* at 716. "Such contracts are usually prepared in printed form, and frequently at least some of their provisions are in extremely small print." *Id.* (quotation omitted). According to the Mississippi Supreme Court, arbitration agreements are not inherently unconscionable, and contracts of adhesion are not automatically void. *Id.* (citing *Hughes Training, Inc. v. Cook*, 254 F.3d 588, 593 (5th Cir. 2001)).

The fact that an arbitration agreement is included in a contract of adhesion renders the agreement procedurally unconscionable only where the stronger party's terms are unnegotiable and the weaker party is prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all.

*Id.*

8

(a)     *The record does not support a finding of procedural unconscionability based upon a lack of knowledge.*

Donald has presented an Affidavit [6-1] complaining that she was rushed to sign each of the four Rental Agreements and "never knew there was an arbitration provision within the agreement."   Pl.'s Aff. [6-1] at 1.   According to Donald, National Truck never read through the Rental Agreements with her, explained the Rental Agreements to her, or informed her of the arbitration provisions.   *Id.* at 1-2. Donald also avers that she has "no legal training or experience."   *Id.* at 2.

Under Mississippi law, "parties to a contract have an inherent duty to read the terms of a contract prior to signing."   *Hinds Cty. Econ. Dev. Dist. v. W & G Properties, LLC*, 203 So. 3d 49, 55 (Miss. Ct. App. 2016) (quotation omitted).   "[A] party may neither neglect to become familiar with the terms and conditions and then later complain of lack of knowledge, nor avoid a written contract merely because he or she failed to read it or have someone else read and explain it."   *Id.* (quotation omitted).

In this case, the arbitration provisions appear on the sixth page of each six-page Rental Agreement.   They are easily identifiable as they follow a section heading printed in all capital letters and italicized in bold-faced type, clearly indicating that the section pertains to "***JURISDICTION AND RESOLUTION OF DISPUTES***."   Rental Agreements [1-2] at 21, 28, 35, 41.   The provisions themselves are preceded by the word "Arbitration" and printed in type of equal size to the print contained in the rest of the Agreement.   *Id.*   In the Court's view, the arbitration provisions do not contain any complex, legalistic language.   *See id.*

Other than Donald's professed lack of legal training or experience, Pl.'s Aff. [6-1] at 2, the record is devoid of any information regarding the alleged disparity in the sophistication of the parties.   While Donald avers that she was "rushed" to sign the Rental Agreements, *see id.* at 1, there is no indication that she ever inquired of National Truck about the Rental Agreements' terms.   Nor has Donald cited any authority that National Truck was required to "read through the rental agreements with [her] or explain[ ] the rental agreements," or verbally advise her of the arbitration provisions.   *See id.* at 1-2.   Based upon the facts of this particular case, the Court is not persuaded that Donald's allegations pertaining to her lack of opportunity to study the Rental Agreements is sufficient to establish that the arbitration provisions are procedurally unconscionable.   *See East Ford, Inc.*, 826 So. 2d at 715-16.

(b)   *The record does not support a finding of procedural unconscionability based upon a lack of voluntariness.*

Donald further maintains that the Rental Agreements constitute contracts of adhesion.   Assuming this is true, Donald has not alleged or shown that she was "prevented by market factors, timing or other pressures from being able to contract with another party on more favorable terms or to refrain from contracting at all." *East Ford, Inc.*, 826 So. 2d at 716.   The arbitration clauses are not unconscionable based upon a lack of voluntariness.

In sum, there is insufficient evidence of a lack of knowledge or voluntariness on the part of a weaker party to support a procedural unconscionability claim. Donald's arguments to the contrary are unpersuasive.

2.    <u>The arbitration agreements are not substantively unconscionable.</u>

"Substantive unconscionability may be proven by showing the terms of the arbitration agreement to be oppressive." *East Ford, Inc.*, 826 So. 2d at 714. "A contract is substantively unconscionable if there is an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." *Caplin Enterprises, Inc.*, 145 So. 3d at 614 (quotation omitted). In order to determine whether a contract is substantively unconscionable, a court must "look within the four corners of an agreement in order to discover any abuses relating to the specific terms which violate the expectations of, or cause gross disparity between, the contracting parties." *Id.*

"Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." *Id.* (quotation omitted). According to the Mississippi Supreme Court, "[i]t is not necessary that arbitration agreements contain 'mutual promises that give the parties identical rights and obligations, or that the parties must be bound in the exact same manner.'" *Id.* (quoting 21 Williston on Contracts § 57:15 (4th ed. 2013)). However, "disparities in the rights of the contracting parties must not be so one-sided and unreasonably favorable to the drafter . . . that the agreement becomes unconscionable and oppressive." *Id.* (quoting Williston, *supra*, at § 57:15).

The Court has reviewed the four corners of each of the Rental Agreements and is of the opinion that the arbitration provisions in question are not

11

substantively unconscionable.   Donald argues that, while the arbitration provisions appear to afford the parties an equal opportunity to bring a suit in a small claims court within Harrison County, Mississippi, the provisions are actually "unfair to Mrs. Donald because there are no situations under this Agreement in which Mrs. Donald would be within the requisite amount to entertain bringing a suit in a small claims court."   Pl.'s Mem. [7] at 7.   Donald posits that National Truck could bring suit in small claims court "to recover payments owed to them, which would fall within the jurisdiction of the small claims court," *id.*, and that this makes the arbitration provisions substantively unconscionable, *id.*

Donald's argument seems to implicate issues arising outside the four corners of the Agreements, and Donald has not cited any controlling legal authority which indicates that the Court could consider such issues.   *See id.*   Nevertheless, the Court does not find this theory persuasive.   Donald has cited no evidence or authority to support the proposition that any claim Donald would bring against National Truck would necessarily be beyond the jurisdiction of the small claims court, while any claim by National Truck would fall within the jurisdictional maximum of the small claims court.   These contractual provisions do not appear to be an unconscionable "ploy" by National Truck, as Donald argues.   *See id.*

Nor is Donald's argument that National Truck "must demonstrate that she knowingly, intelligently, and voluntarily waived her constitutional rights" to a jury trial persuasive.   *Id.* at 7-8 (citing *D.H. Overmyer Co. v. Frick Co.*, 405 U.S. 174 (1972)).   *Overmyer* did not involve an arbitration provision, but instead considered

12

the constitutionality under the Due Process Clause of the Fourteenth Amendment

of a cognovit note[3] authorized by an Ohio statute.    The Court has already

determined that the arbitration provisions were not procedurally unconscionable

due to voluntariness or knowledge.    To the extent this contention relates to

Donald's agreeing that this case would be tried as a bench trial if not arbitrated, *see*

Rental Agreements [1-2] at 21, 28, 35, 41, such waiver is not relevant since National

Truck has sought to compel arbitration.

Donald has not shown that the terms of the Rental Agreements are

oppressive or substantively unconscionable.    The terms of the Rental Agreements

are not so one-sided and unreasonably favorable to the drafter, National Truck, that

the Agreements are unconscionable and oppressive.    *Caplin Enterprises, Inc.*, 145

So. 3d at 614.    The arbitration provisions are valid under Mississippi law.

C.    <u>The dispute in question falls within the scope of the parties' arbitration
      agreements.</u>

There is a strong presumption in favor of arbitration.    *Moses H. Cone Mem'l*

*Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); *Terminix Int'l, Inc. v. Rice*,

904 So. 2d 1051, 1054 (Miss. 2004).    Accordingly, "[a]ny doubts concerning the

scope of arbitrable issues should be resolved in favor of arbitration . . . ."    *Moses H.*

*Cone*, 460 U.S. at 24-25.    Indeed, the Fifth Circuit has "held that arbitration should

not be denied unless it can be said with positive assurance that an arbitration

---

[3]  "The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder."  *Overmyer Co.,* 405 U.S. at 176.

clause is not susceptible of an interpretation which would cover the dispute at issue." *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990) (quotation omitted).

In this case, the arbitration provisions encompass

> *any* claim, dispute, or controversy (whether based upon contract or tort; intentional or otherwise; arising out of state or federal constitution, statute, common law, or equity, and whether preexisting, present or future), including initial claims, counter-claims, cross-claims, and third party claims, *arising from or relating to* this Rental Agreement or the relationships which result from this Rental Agreement . . . .

Rental Agreements [1-2] at 21, 28, 35, 41 (emphasis added).

Language of this type is interpreted broadly.   "The Mississippi Supreme Court has noted that broad terms defining the scope of an arbitration agreement such as 'any controversy' are 'broad sweeping' and expansive enough to include most claims related to the contract in question." *New South Fed'l Savings Bank v. Anding*, 414 F. Supp. 2d 636, 651 (S.D. Miss. 2005) (citing *Smith Barney, Inc. v. Henry*, 772 So. 2d 722, 725-26 (Miss. 2001)).

The contracts in this case contain both narrow language, "arising from," and broad language, "relating to."   *See* Rental Agreements [1-2] at 21, 28, 35, 41. "[C]ourts distinguish 'narrow' arbitration clauses that only require arbitration of disputes 'arising out of' the contract from broad arbitration clauses governing disputes that 'relate to' or 'are connected with' the contract." *Pennzoil Exploration & Prod. Co. v. Ramco Energy*, 139 F.3d 1061, 1067 (5th Cir. 1998).   The Fifth Circuit has held that such broad arbitration clauses "are not limited to claims that literally 'arise under the contract,' but rather embrace all disputes having a

14

significant relationship to the contract regardless of the label attached to the dispute." *Id.*

Donald's claims against National Truck both arise from and relate to the Rental Agreements containing the arbitration provisions. Accordingly, the Court concludes that National Truck is entitled to enforce the arbitration clauses. *See id.* An order compelling arbitration should issue in this case.

D. <u>The parties have not argued, nor have they shown, that any legal constraints external to the parties' agreements foreclose the arbitration of Donald's claims.</u>

Other than the contractual defenses asserted by Donald, which the Court has previously considered and rejected, the parties do not argue that any legal constraints external to the parties' arbitration agreements foreclose arbitration of Donald's claims. *See Caplin Enterprises, Inc.*, 145 So. 3d at 614 (holding that under the legal constraints prong of the arbitration analysis, a court must consider whether defenses available under state contract law such as fraud, duress, and unconscionability may invalidate the arbitration agreement). Nor does the Court find any legal constraints external to the arbitration agreements which foreclose arbitration. Arbitration of Donald's claims against National Truck is appropriate.

E. <u>This case will be dismissed, rather than stayed.</u>

"Section 3 of the FAA mandates that when an issue is referable to arbitration pursuant to a written agreement, the district court must 'stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such

arbitration.'" *Williams v. Cigna Fin. Advisors, Inc.*, 56 F.3d 656, 659 (5th Cir. 1995) (quoting 9 U.S.C. § 3).   "If a dispute is subject to mandatory . . . arbitration procedures, then the proper course of action is usually to stay the proceedings pending arbitration." *Ruiz v. Donahoe*, 784 F.3d 247, 249 (5th Cir. 2015).

"However, a dismissal may be appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'" *Id.* at 249-50 (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)); *see also Adam Techs. Int'l S.A. de C.V. v. Sutherland Glob. Servs., Inc.*, 729 F.3d 443, 447 n.1 (5th Cir. 2013) ("Although Section 3 of the Federal Arbitration Act directs district courts to stay pending arbitration, we are bound by our precedent which states that dismissal is appropriate 'when all of the issues raised in the district court must be submitted to arbitration.'") (quoting *Alford*, 975 F.2d at 1164).

All of the issues raised in the Complaint are subject to binding arbitration. Accordingly, the Court will dismiss this case rather than stay it.

### III.   CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. National Truck Funding, LLC's Motion [2] to Compel Arbitration will be granted, and the parties will be ordered to submit the disputed matter to arbitration.   This case will be dismissed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [2] to Compel Arbitration or, Alternatively, Rule 12(b)(6) Motion to Dismiss for Failure

16

to State a Claim upon Which Relief Can Be Granted filed by Defendant National Truck Funding, LLC, is **GRANTED**, and the parties are ordered to submit the disputed matter to arbitration.

**IT IS, FURTHER ORDERED AND ADJUDGED** that, this case is **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 22nd day of March, 2017.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

17